**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GENERATION III,<br><br>                                        Plaintiff,<br>                v.<br><br>SERVICEMAGIC, SERVICEMAGIC HOME ADVISOR, HOME ADVISOR TM, INC., HOME SERVICE PRO, WIKIPEDIA BUSINESS SOLUTIONS, and JOHN DOE WEBLINKS AND SOLUTIONS,<br><br>                                        Defendants. | Civil Action No. 14-02446 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

      On March 5, 2014, Plaintiff Generation III ("Plaintiff") filed a Complaint in the Superior Court of New Jersey, Law Division.  The Complaint contains sixteen separate causes of action, including alleged violations of federal consumer credit laws and false advertising and unfair competition claims.  After receiving a copy of the Complaint Defendant HomeAdvisor, Inc. ("HomeAdvisor") removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a).  [Docket Entry 1.]  HomeAdvisor now moves to dismiss the Complaint pursuant to, among other things, Federal Rule of Civil Procedure 12(b)(6).  [Docket Entry 4.][1]  HomeAdvisor argues that the Complaint consists of nothing more than threadbare factual allegations and legal conclusions, and thus it cannot pass muster under contemporary federal pleading standards.  (Mov. Br. at 3.)

      The Court agrees.  To surmount a Rule 12(b)(6) motion, a complaint must set forth "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its

---

[1] The motion is unopposed.  The Court, by letter Order dated May 21, 2014 [Docket Entry 6], adjourned HomeAdvisor's motion an additional cycle to give Plaintiff another opportunity to file an opposition; to date, Plaintiff has failed to do so.

face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  Here, the great majority of the Complaint is nothing more than threadbare legal descriptions of the various causes of action alleged.  (See Complaint at 5-14.)  When the Complaint does attempt to plead facts, those allegations are either indecipherable or entirely conclusory.  (See id. at ¶ 18 ("Plaintiff never during the duration of the entire contract did not authorize the defendants individually or collectively to acquire any business profits."); see also id. at ¶ 13 ("The defendant's [sic] actions were calculated, intentional and with the intent on converting the well-earned business reputation, clients, profits and good will [sic].").)   In short, there is nothing on the face of the Complaint that indicates what is in fact going on here, let alone whether a plausible claim for relief has been stated against HomeAdvisor.  Iqbal, 556 U.S. at 678.

Accordingly,

**IT IS** on this 10th day of July, 2014

**ORDERED** that the motion to dismiss filed by Defendant HomeAdvisor, Inc. [Docket Entry 4] be and hereby is **GRANTED**; and it is further

**ORDERED** that the Complaint against HomeAdvisor be and hereby is **DISMISSED**.


　　　　　　　　　　　　　　　　　　　　   s/ Stanley R. Chesler   
　　　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　　　　United States District Judge